UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x

LEONARDO D. HERNANDEZ,

Petitioner,

v.

RAUL MALDONADO, JR., KENNETH GENALO, DAVID VENTURELLA, MARKWAYNE MULLIN, and TODD BLANCHE,

Respondents.

---------------------------------------------------x

**MEMORANDUM AND ORDER**
26-CV-5584 (RPK)

RACHEL P. KOVNER, United States District Judge:

After Immigrations and Customs Enforcement ("ICE") agents arrested Leonardo D. Hernandez and placed him in removal proceedings, an immigration judge denied his request for release on bond. He then filed a habeas petition under 28 U.S.C § 2241, arguing that the process afforded to him by the immigration judge was constitutionally deficient and asking this Court to order either a new bond determination or his release from detention. Because petitioner has failed to exhaust his administrative remedies, his petition is dismissed without prejudice.

**BACKGROUND**

The following facts are taken from the petition and a declaration prepared by an ICE officer who participated in petitioner's arrest and reviewed his immigration records.

Petitioner is a native and citizen of Mexico who entered the United States unlawfully in or before 2006. Declaration of Brandon Clark ("Clark Decl.") ¶¶ 2–3 (Dkt. #4-1). On August 25, 2026, ICE agents arrested him. *Id.* ¶ 14. Petitioner was brought to a detention facility in New

Jersey and subsequently transferred to the Metropolitan Detention Center in Brooklyn, where he now remains. *Id.* ¶¶ 17, 22.

On the date of petitioner's arrest, an ICE officer made an individualized custody determination under 8 U.S.C. 1226(a) and ordered petitioner detained based on danger to the community, citing his criminal history. Clark Decl. ¶ 15. Petitioner requested a custody redetermination hearing before an immigration judge. *Id.* ¶ 21. The immigration judge held the hearing on September 4, 2026, and both the government and petitioner presented evidence and made arguments. *Id.* ¶ 27. At the close of the hearing, the judge denied bond. *Ibid.* She "acknowledge[d] that [petitioner] has some family ties," "a pending visa [application]," and "some community ties," but stated that she was "very concerned about [petitioner's] criminal history." Immigration Hearing Tr. ("Tr.") 2:24–25 (Dkt. #4-4). Citing that history, she found that petitioner "is a danger to the community," and denied bond for that reason. *Id.* 3:1–10; *see* Am. Order 1 (Dkt. #4-3). Petitioner's counsel told the immigration judge that petitioner was reserving the right to appeal to the Board of Immigration Appeals ("BIA"). Tr. 3:12–14.

Five days later, petitioner filed the instant habeas petition pursuant to 28 U.S.C. § 2241. In the petition, he states that he has not yet appealed the immigration judge's bond determination to the BIA but "intends" to do so "on or before October 5, 2026," his deadline. Pet. ¶ 31. In the meantime, he asks this Court to hold that the immigration judge's ruling was so lacking in "substantive reasoning" as to deny him due process of law, and to order either a new bond determination or his release from custody. *Id.* ¶¶ 35–36.

## LEGAL STANDARD

"The general rule is that 'a party may not seek federal judicial review of an adverse administrative determination until the party has first sought all possible relief within the agency

itself.'" *Beharry v. Ashcroft*, 329 F.3d 51, 56 (2d Cir. 2003) (citation omitted). That rule serves "purposes includ[ing] protecting the authority of administrative agencies, limiting interference in agency affairs, developing the factual record to make judicial review more efficient, and resolving issues to render judicial review unnecessary." *Id.* at 62. Thus, "[a]lthough 'there is no statutory requirement of administrative exhaustion before immigration detention may be challenged in federal court by a writ of habeas corpus,' courts generally do require such exhaustion 'as a prudential matter.'" *Guzman v. Joyce*, 786 F. Supp. 3d 865, 869 (S.D.N.Y. 2025) (brackets and citation omitted) (collecting cases); *see Diallo v. Genalo*, No. 26-CV-6040 (JGK), 2026 WL 2426905, at *2-3 (S.D.N.Y. Aug. 19, 2026); *Marshall v. Arteta*, No. 26-CV-4110 (MKV), 2026 WL 1724311, at *4 (S.D.N.Y. June 15, 2026); *Castillo Lachapel v. Joyce*, 786 F. Supp. 3d 860, 864 (S.D.N.Y. 2025).

There are "four recognized exceptions to [this] judicially created exhaustion requirement." *Madkour v. Ashcroft*, 74 F. App'x 89, 90 (2d Cir. 2003). Courts may exercise their discretion to excuse the exhaustion requirement when "(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question." *Beharry*, 329 F.3d at 62; *see Madkour*, 74 F. App'x at 90.

**DISCUSSION**

The habeas petition is dismissed without prejudice because petitioner has not exhausted his administrative remedies. When an immigration judge denies bond, the alien "may appeal the . . . decision to the Board of Immigration Appeals," *Johnson v. Guzman Chavez*, 594 U.S. 523, 527–28 (2021) (citing 8 C.F.R. §§ 236.1(d)(3)(i), 1003.19(f), 1236.1(d)(3)(i)). Here, petitioner concedes that he has not yet appealed his adverse bond determination to the BIA. Because he has

not "sought all possible relief within the agency itself," he has not exhausted his administrative remedies. *Beharry*, 329 F.3d at 56 (citation omitted); *see Alexander v. Blanche*, No. 26-CV-6086 (NSR), 2026 WL 2351500, at *2–3 (S.D.N.Y. Aug. 13, 2026) (explaining that exhaustion would bar a habeas petition challenging an immigration judge's bond determination if petitioner "failed to . . . appeal" it to the BIA or if petitioner did appeal and the BIA proceedings were still "pending").

Petitioner has not presented a good reason to excuse exhaustion. He argues that exhaustion should be excused primarily because he will spend additional time in detention while awaiting the BIA's decision, and "each additional month of unlawful detention is an injury no subsequent BIA remand can undo." Petr.'s Ltr. 3 (Dkt. #5) (ECF pagination). But "[i]f incarceration alone" could excuse the exhaustion requirement, "then the exception would swallow the rule that the [immigration] administrative remedies must be exhausted before resorting to the federal courts." *Marshall*, 2026 WL 1724311, at *4 (citation omitted); *see Paz Nativi v. Shanahan*, No. 16-CV-8496 (JPO), 2017 WL 281751, at *2 (S.D.N.Y. Jan. 23, 2017) ("[C]ontinued detention . . . is insufficient to qualify as irreparable injury justifying non-exhaustion.").

Petitioner also argues the exhaustion requirement should be excused because his petition presents a "constitutional[] question"—the question whether the immigration judge denied him due process by failing to adequately engage with the evidence he presented and by failing to adequately explain her decision. Petr.'s Ltr. 1–2, 4. But the "[m]ere existence of a constitutional issue . . . does not create an automatic exception to an exhaustion requirement." *Monterosa v. Decker*, No. 20-CV-2653 (MKV), 2020 WL 1847771, at *5 (S.D.N.Y. Apr. 11, 2020) (citing *Able v. United States*, 88 F.3d 1280, 1288 (2d Cir. 1996)). Here, the constitutional claims petitioner presents may well be mooted if the BIA reverses the immigration judge's bond decision. As a

result, requiring exhaustion serves the objectives of "limiting interference in agency affairs[] and promoting judicial efficiency." *Beharry*, 329 F.3d at 56. Numerous courts have declined to excuse exhaustion under similar circumstances. *See, e.g.*, *Castillo Lachapel*, 786 F. Supp. 3d at 864 (declining to excuse exhaustion when petitioner's constitutional claim could be mooted by BIA's reversal of immigration judge's bond determination); *Paz Nativi*, 2017 WL 281751, at *3 ("[B]ecause Paz Nativi's constitutional claims could be mooted by a BIA decision setting a reduced bond or remanding for further bond-determination proceedings, and because his procedural due process claim could also be addressed head-on by the BIA, there is insufficient justification to excuse Paz Nativi from the exhaustion requirement here.").

Finally, petitioner argues the exhaustion requirement should be excused because his petition asks this Court to review the adequacy of his bond hearing, whereas his appeal to the BIA will concern the substance of the immigration judge's bond determination, which is "a materially different inquiry." Petr.'s Ltr 3. But petitioner's argument seeking habeas relief is that his bond hearing was inadequate because the immigration judge's ruling lacked sufficient "substantive reasoning." Pet. ¶¶ 35–36. Assessing that argument would require this Court to weigh the evidence presented to the immigration judge and determine if her ruling adequately responded to it, which is the same task the BIA will face on appeal. *See Once Corte v. Maldonado*, No. 26-CV-3657 (HG), 2026 WL 2018474, at *3 (E.D.N.Y. July 13, 2026) ("Despite Petitioner's assertions that he is challenging the constitutional adequacy of the process he received, his Petition is, in effect, a challenge to the adequacy of the IJ's determination at the . . . bond hearing." (citation omitted)). Moreover, if petitioner wishes, he may contest before the BIA both the adequacy of his bond hearing and the immigration judge's ultimate bond determination. *See Guzman*, 786 F. Supp. 3d at 870 ("Petitioner provides no reason why the Board of Immigration Appeals could not

address his arguments."); *Fontanelli ex rel. Bernal Garcia v. Francis*, No. 25-CV-7715 (JLR), 2025 WL 2773234, at *8 (S.D.N.Y. Sep. 29, 2025) (holding that petitioner's "claims about procedural irregularities" and substantive arguments for bond may both "be addressed at the agency level").

Accordingly, each of petitioner's arguments for an exception to the exhaustion requirement is unavailing. The "administrative proceeding" to which he is entitled remains "the appropriate avenue" to seek bond. *Francis*, 2025 WL 2773234, at *8.[*]

**CONCLUSION**

For the foregoing reasons, the petition for a writ of habeas corpus is dismissed without prejudice.

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: October 5, 2026
Brooklyn, New York

[*] The Court declines to consider plaintiff's argument that he is entitled to release because immigration agents arrested him on a warrant before a notice to appear was filed with the immigration court. This argument was raised for the first time in a supplemental letter after briefing on the petition was completed. "Generally, courts do not consider arguments raised for the first time in a reply brief"—much less a filing after the reply brief—"and this rule applies in the context of habeas petitions." *United States v. Valerio*, No. 14-CR-94 (JMA), 2024 WL 2084052, at *16 (E.D.N.Y. May 9, 2024) (collecting authority).